Tammy Wyatt-Shaw
HAMMER, QUINN & SHAW PLLC
100 Financial Drive, Suite 100
P.O. Box 7310
Kalispell, MT 59904-0310
Telephone:   (406) 755-2225
Facsimile:   (406) 755-5155
twshaw@attorneysmontana.com

*Attorneys for Defendant.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| KATHERINE DILLON, | |
| Plaintiffs, | CASE NO.: _____ |
| v. | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | **NOTICE OF REMOVAL** |
| Defendant. | |

Defendant Progressive Casualty Insurance Company hereby submits its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (2011).

## I.   **BACKGROUND**

1.     On or about January 9, 2017, Plaintiff Katherine Dillon filed her Complaint ("Complaint") against the Defendant in the First Judicial District Court, Lewis and Clark County, Montana, Cause No. BDV-2017-19 (hereinafter the "State Case"). *See* Complaint, attached hereto with State Case filings as **Exhibit A**. The Complaint was received by CT Corporation on September 21, 2017. *See*

Service of Process Transmittal from CT Corporation, attached hereto with State Case filings as Exhibit A.

2.     Plaintiff alleges that she was involved in an auto accident with a Progressive insured (with Progressive being Plaintiff's shorthand term for the various entities selling automobile insurance in Montana as subsidiaries and affiliates under the umbrella of Progressive Corporation, *see* Complaint ¶¶ 3-9) and that she lost the use of her Hummer H3 vehicle for 18 days as a result of the accident. *See* Complaint ¶¶ 17; 20-21. Plaintiff alleges that she demanded "loss of use damages from Progressive at the market rental rate" for her vehicle and that Progressive "paid her not the fair market value of a comparable vehicle but based on its sweetheart rate with Enterprise Rent A Car." Complaint ¶ 22. Plaintiff alleges that Progressive's rate was $54.99 per day with Enterprise Rent A Car while the market rate for a comparable "Luxury SUV" was $229.00 per day. Complaint ¶ 14. Plaintiff then alleges that, for the 18 days of her alleged loss of use, this differential between Progressive's negotiated rate and the alleged market rate resulted in an underpayment by Progressive of $3,132.18. Complaint ¶ 14. Based on these allegations, Plaintiff alleges that the Defendants violated the Montana Unfair Claim Settlement Practices provisions of Montana Code §§ 33-18-101 *et seq*. *See* Complaint ¶¶ 27-34.

3.      Plaintiff seeks relief on behalf of a putative class defined as "all claimants entitled to loss of use damages in which Progressive paid or offered to pay based upon its negotiated rates rather than the market rates for a comparable vehicle." Complaint ¶ 36.

4.      On behalf of herself and the putative class, Plaintiff seeks: (1) "An amount for all special damages for Defendant's bad faith practices in violation of Montana's Unfair Trade Practices Act"; (2) "Punitive damages due to Defendant's fraudulent and malicious conduct in violating Montana's Unfair Trade Practices Act"; and (3) "Costs, including reasonable attorney fees under Section 27-1-306, MCA, and under the equitable powers to be made whole." Complaint Wherefore Clause ¶¶ 2-4.

## II.   GROUNDS FOR REMOVAL

5.      This case is removable pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

### A.   Removal is Timely

6.      Plaintiff's Complaint was filed on January 9, 2017, served on the Commissioner of Securities & Insurance on September 19, 2017, mailed to CT Corporation (the Defendant's agent) on September 19, 2017, and received by CT Corporation on September 21, 2017. *See* Exhibit A.

7.     This Notice of Removal is thus filed within thirty days after receipt of the initial class action pleading—when it was "first ascertained that the case is one which is or has become removable"— through service in the State Case.  *See* 28 U.S.C. § 1446(b)(3).

### B.     This Court has Original Jurisdiction

8.     This Court has original jurisdiction under 28 U.S.C. § 1332(a) and (d) because the matter in controversy:  (i) is a class action where a member of the class of plaintiffs is a citizen of a state different from a defendant; (ii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (iii) the number of members of all proposed plaintiff classes in the aggregate is more than 100.  *See* 28 U.S.C. § 1332(d), *as amended by* The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4; *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("[T]he general principles of removal jurisdiction apply in CAFA cases."); *see also United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Service Workers Intern. Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) ("CAFA added § 1453(b), which provides: . . . 'A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that *such action may be removed by any defendant without the consent of all defendants.*'") (emphasis supplied).

1.   *Diversity of Citizenship Exists*

9.     Plaintiff's Complaint demonstrates that Plaintiff is a citizen of Montana for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Complaint ¶ 2.

10.     Progressive Casualty Insurance Company is an Ohio Corporation with its principal place of business in Mayfield, Ohio. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010) (A corporation's principal place of business, for diversity jurisdiction purposes, is its nerve center).

11.     Thus, minimal diversity exists because the Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1) & (c)(1); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties at the outset of the case . . ."); 28 U.S.C. § 1332(d)(2)(A).

2.   *The Amount in Controversy is Satisfied*

12.     For the reasons stated below, Plaintiff's claim for violation of Montana's Unfair Trade Practices Act satisfies the $5,000,000 amount-in-controversy requirement for purposes of original jurisdiction under 28 U.S.C. § 1332(d); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

a.   <u>Compensatory Damages</u>

13.  While the Defendant believes that the damages sought in the Complaint are based on alleged conduct that is too individualized to justify class certification, for purposes of evaluating the amount in controversy under 28 U.S.C. § 1332(d), the Defendant provides the following calculation of the aggregate amount at stake in this case in view of Plaintiff's claims and allegations.

14.  The putative class is defined to include "all claimants entitled to loss of use damages in which Progressive paid or offered to pay based upon its negotiated rates rather than the market rates for a comparable vehicle." Complaint ¶ 36.

15.  Plaintiff's Complaint alleges that "each class member received loss of use damages based on a below market rental rate rather than the required measure which is the fair market reasonable rental value for the time required to repair their vehicle." Complaint ¶ 40; *see also* Complaint ¶¶ 14-15 (where Plaintiff alleges that the Defendants offered to pay her $54.99 per day instead of $229.00 per day).

16.  The proposed class period is defined as "all claims made within eight years of the date of filing the complaint . . ." Complaint ¶ 38.  Because the

Complaint was filed on January 9, 2017, the alleged class period begins on January 9, 2009. *See id.*

17.    Plaintiff's Complaint "seeks to redress Progressive's adjusting practices on behalf of all of its subsidiaries and affiliates, for losses that occurred in Montana or are otherwise subject to the insurance laws of the state of Montana." Complaint ¶ 7.

18.    The Progressive underwriting companies comprising the "subsidiaries and affiliates" alleged by Plaintiff adjusted and paid approximately 7,708 property damage loss-of-use rental car payments made to Hertz and Enterprise related to Montana policies between January 9, 2009 and January 9, 2017.  This 7,708 figure represents a reasonable estimate of the number of putative class members (i.e., third parties making property damage loss-of-use claims). In fact, this estimate may be under-inclusive because it does not account for situations in which the Defendant may have paid or offered to pay the third party directly rather than paying the rental car company directly, such as the circumstances alleged by the Plaintiff. However, because the proposed class definition includes both categories of claimants, this number represents an estimate of the minimum number of potential members of the proposed class.

19.    Approximately $3,025,941.85 was paid for the approximately 7,708 third party loss-of-use rental claims between January 9, 2009 and January 9, 2017.

20.    Plaintiff alleges that the Defendant paid or offered to pay her $54.99 per day for a rental vehicle that she alleges has a "fair market reasonable rental value" of $229.00 per day.  *See* Complaint ¶¶ 14-15.  Based on this allegation, Plaintiff alleges that the Defendant paid or offered to pay her approximately 24% of the fair market rental value for a comparable vehicle ($54.99/229.00 = 0.24013).

21.    Plaintiff also alleges that her claim is typical of the putative class Complaint ¶ 43.  As a result, it is reasonable to apply the same percentage in which Plaintiff alleges she was underpaid to the amounts paid to other putative class members for their loss of use damages in determining the amount in controversy. If $3,025,941.85 actually paid to putative class members during the alleged class period represents 24% of the amount to which Plaintiff claims the putative class is entitled for loss of use damages, then the total aggregate class damages are approximately $9,582,149.19, representing the difference between the actual amounts paid and the amounts that plaintiff claims should have been paid. Mathematically, the formula is as follows:

- Step One: $3,025,941.85 / .24 = $12,608,091;

- Step Two: $12,608,091 - $3,025,941.85 = $9,582,149.19.

22.    This $9,582,149.19 compensatory damages figure, based on the allegations in Plaintiff's Complaint, exceeds the $5,000,000 amount in controversy requirement.    *See* 28 U.S.C. § 1332(d)(6) ("[T]he claims of the individual class

members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

        b.      <u>Punitive Damages</u>

23.    Plaintiff's Complaint expressly seeks "Punitive damages due to Defendant's fraudulent and malicious conduct in violating Montana's Unfair Trade Practices Act." Complaint Wherefore Clause ¶ 3.

24.    "In an action brought under the Montana Unfair Trade Practices Act, punitive damages may be assessed, pursuant to § 27-1-221, MCA, for a violation of subsections (1), (4), (5), (6), (9), or (13) of § 33-18-201, MCA." *Dees v. American Nat. Fire Ins. Co.*, 861 P.2d 141, 146, 149 (Mont. 1993) (affirming an unfair trade practices verdict of $12,679 in actual damages, plus $300,000 in punitive damages).

25.    While the Defendant does not believe punitive damages will likely be awarded in this case, Plaintiff's complaint puts them in controversy, and the potential for a punitive damages award at even a one-time multiplier of the $9,582,149.19 potential compensatory damages confirms that the amount in controversy in this case exceeds $5 million in the aggregate. *See* 28 U.S.C. § 1332(d)(6).

### 3. *The Proposed Class Exceeds 100 Members*

26.     As described above, approximately 7,708 property damage loss-of-use rental car payments were made to Hertz and Enterprise related to Montana policies between January 9, 2009 and January 9, 2017.

27.     This number represents a reasonable estimate of the number of putative class members (i.e., third parties making loss of use claims), and as described above, may be under-inclusive.

28.     Accordingly, the number of proposed class members exceeds 100, satisfying the jurisdictional requirements of 28 U.S.C. § 1332(d).

29.     Therefore this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), (d) and this case is removable pursuant to 28 U.S.C. § 1441(a).

30.     Based on the foregoing, the jurisdictional requirements are satisfied. Nonetheless, even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."   Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14, 42, 2005 WL 627977, *36, 2005 U.S.C.C.A.N. 3, 40; *see also Dart Cherokee Basin Operating Co.,* LLC, 135 S. Ct. at 554 ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal

court"); *Allen v. Boeing Co., 784 F.3d 625, 633* (9th Cir. 2015) ("CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") *quoting Dart Cherokee*, 135 S.Ct. at 554.

## III.   <u>STATE COURT PLEADINGS AND NOTICE</u>

31.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Defendant in the State Case are attached hereto as Exhibit A.

32.    Pursuant to 28 U.S.C. § 1446(d), the Defendant will provide written notice of the filing of this Notice of Removal to all parties herein and a copy of this Notice will be filed with the Clerk of the First Judicial District Court, Lewis and Clark County, Montana, Cause No. BDV-2017-19.

WHEREFORE, the Defendant respectfully requests that the State Case be removed to the United States District Court for the District of Montana.

DATED this 18th day of October, 2017    Respectfully submitted,


*/s/ Tammy Wyatt-Shaw*
Tammy Wyatt-Shaw

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the **NOTICE OF REMOVAL** was served via the Court's ECF system on this 18th day of October, 2017, on the following:

> Geoffrey C. Angel
> ANGEL LAW FIRM
> 803 W. Babcock
> Bozeman, MT  59715

/s/ Tammy Wyatt-Shaw