ANGIE SPARKS
CLERK DISTRICT COURT

2017 JAN -9  AM 10: 40

FILED
BYMICHELLE WRAY
Deputy

1 | Geoffrey C. Angel
  | ANGEL LAW FIRM
2 | 803 West Babcock
  | Bozeman, Montana 59715
3 | Telephone (406) 922-2210
  | Facsimile (406) 922-2211
4 | christianangel@hotmail.com

5 | Attorney for Plaintiff

6

7

8 | MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

9 | KATHERINE DILLON,                    )   Cause Number DV-16- BDY 2017-19

10 |        Plaintiff,                    )   COMPLAINT

11 |   vs.                               )   DECLARATORY JUDGMENT ACT

12 | PROGRESSIVE CASUALTY               )
   | INSURANCE COMPANY,                 )       MICHAEL F MCMAHON
13 |                                    )       PRESIDING JUDGE
   |        Defendant.                  )
14

   COMES NOW plaintiff Katherine Dillon, by and through her counsel of record

15 Geoffrey C. Angel, and for her claims for relief alleges as follows:

16                             NATURE OF ACTION

17   I.    This action is being brought by Katherine Dillon against Progressive Casualty

18         Insurance Company for a declaration the duty to advance pay medical expenses

19         encompasses a promise to pay or advance payment when that is a requirement for

20         medical treatment.

21

22   2.    At all times relevant herein Katherine Dillon was a resident and domicile of

23         Gallatin County, Montana.

24

25   3.    Progressive Casualty Insurance Company is a subsidiary of Progressive

26         Corporation.  Progressive Corporation (Progressive) is an Ohio Corporation with

27         its principle place of business in Ohio.

28

COMPLAINT:                                                    PAGE 1 OF 4.

EXHIBIT
A

3. Progressive Corporation (Progressive) is an Ohio Corporation with its principle place of business in Ohio.

4. Progressive Corporation is the Parent Corporation of a number of subsidiaries and affiliates who insure motor vehicles in Montana and the various states and who are subject to the laws of the state of Montana due to the adjustment of losses within this state.

5. Progressive operates in Montana under a number of subsidiaries and affiliates including Progressive Advanced Insurance Company, Progressive Casualty Insurance Company Direct Insurance Company, Progressive Classic Insurance Company, Progressive Commercial Insurance Company, Progressive Direct Insurance Company, Progressive Max Insurance Company, Progressive Northern Insurance Company, Progressive Northwestern Insurance Company, Progressive Preferred Insurance Company, Progressive Specialty Insurance Company and Progressive West Insurance Company among others.

6. Progressive Corporation also operates in the various states other than Montana under a number of subsidiary and affiliates who are subject to the laws of the state of Montana due to losses that occur here and are adjusted by Progressive within Montana including Artisan and Truckers Casualty Insurance Company among others.

7. This action seeks to redress Progressive's adjusting practices on behalf of all of its subsidiaries and affiliates, for losses that occurred in Montana or are otherwise subject to the insurance laws of the state of Montana.

8.    Progressive has a system wide adjusting practice in Montana to refuse to pay the full measure for loss of use damages for vehicles damaged in Montana or under a Montana policy of insurance.

9.    Progressive systematically pays or offers to pay, not the reasonable rental value of a comparable vehicle, as required by Montana law but instead pays its "sweatheart" rate with Enterprise Rent A Car which is a rate well below the daily rental value of a comparable vehicle.

10.    In 2009 Montana's Commissioner of Securities and Insurance issued an Advisory Memorandum, which carries the weight of law, regarding the proper measure of loss of use damages.

11.    "With regard to loss of use of personal property, the measure of damages is the reasonable rental value of comparable property for the period of time necessary to repair or replace the damaged property regardless of whether or not a rental was obtained." *Letter Monica Lindeen to Property and Casualty Insurers and Licensed Adjusters dated March 16, 2009, Exhibit A.*

12.    The "reasonable rental value of a comparable vehicle means the rental value of a vehicle of like kind and quality from the time of loss until the damaged vehicle is repaired." *Id.*

13.    Instead of paying the fair market value of a comparable vehicle Progressive pays or offers to pay a reduced rate based on its private negotiated rate with just one national rental car agency, Enterprise Rent A Car, which is far below the reasonable rental value of a comparable vehicle.

14. In this case, a comparable vehicle, a Luxury SUV, rents for $229 per day at the cheapest rental agency in the Bozeman area and yet Progressive claims it has negotiated a sweetheart rate of $54.99 per day with Enterprise Rent A Car. The difference withheld by Progressive in this single property damage claim is $3,132.18 *See Expedia Car Rental Rates for Bozeman, Exhibit B.*

15. Progressive denied the fair market reasonable rental value of a comparable vehicle based upon its institutional practice to pay only the sweetheart rate "guaranteed rate by Enterprise Rent A Car" when Progressive actually rents a vehicle from Enterprise. *Letter Progressive to Angel dated March 25, 2015, Exhibit C.*

16. In this case Progressive did not provide Katherine Dillon with a rental vehicle from Enterprise at its sweetheart below market rate and it cannot rely on this reduced rate to measure the fair market reasonable rental value when calculating loss of use. The result of such a practice in this case alone resulted in an underpayment of $3,132.18.

17. On March 1, 2015 Katherine Dillon was traveling West along Tschache Lane in Bozeman on dry clear roads when Progressive's insured pulled out of a parking lot and t-boned Mrs. Dillon's vehicle.

18. Mr. Dillon used the vehicle the day following the accident to drive to work but didn't use it for anything else once he noticed significant alignment issues which appeared to make it unsafe to drive.

19. Mr. Dillon then took the vehicle for a repair estimate after which they were told not to drive the vehicle due to safety issues.

20.    Mrs. Dillon suffered the loss of use of her Hummer H3 up to and during the time it was being repaired.

21.    Mrs. Dillon and Progressive agreed the loss of use was from the date of the accident through March 18, 2015 or for 18 days.

22.    Mrs. Dillon made a demand for loss of use damages from Progressive at the market rental rate and in turn Progressive paid her not the fair market value of a comparable vehicle but based on its sweatheart rate with Enterprise Rent A Car.

23.    Progressive refused to negotiate but paid according to its institutional policy which violates Montana law.

24.    Pursuant to Section 25-10-303, Montana Code Annotated, Katherine Dillon made a written request for Progressive to make an offer to resolve this property damage only claim.

25.    Progressive offered $100 to resolve the dispute after having a "management team" review the policy which it determined to rely on to deny any further payments.

### APPLICABLE STATE LAW

26.    Plaintiff's claim is being brought pursuant to Montana's Unfair Trade Practices Act §§ 33-18-201, et seq.

### COUNT-1-UNFAIR TRADE PRACTICES ACT

27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28.    Plaintiff is entitled to damages due to an insured loss.

29.    Defendant has made a general business practice of violating the Unfair Claim Settlement Practices provisions of MONT. CODE ANN. §§ 33-18-101 *et. seq.*

30.    Defendant misrepresented pertinent facts or insurance policy provisions in direct violation of MONT. CODE ANN. § 33-18-201(1).

31.    Defendant refused to pay claims without conducting a reasonable investigation based upon all available information in direct violation of MONT. CODE ANN. § 33-18-201(4).

32.    Defendant's conduct in dealing with Plaintiff's claim has been dilatory in direct violation of MONT. CODE ANN. §§ 33-18-201(6).

33.    Defendant is guilty of actual malice and actual fraud as defined in MONT. CODE ANN. §§ 27-1-220 and 221.

34.    Defendant had actual knowledge that its failure to comply with the provisions of MONT. CODE ANN. § 33-18-201 would create a high probability of injury to Plaintiff and yet continued to act deliberately in conscious or intentional disregard. Defendant misrepresented the insurance policy to Plaintiff's detriment.

### PLAINTIFF CLASS ACTION ALLEGATIONS

35.    Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein. This class action is under Montana Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2).

36.  Class Description.  The class of plaintiffs in this case is described as: all claimants entitled to loss of use damages in which Progressive paid or offered to pay based upon its negotiated rates rather than the market rates for a comparable vehicle.

37.  Unfair Trade Practices Act.  Defendant violated the Unfair Trade Practices Act in the manner and under the same facts for each class members as described for Plaintiff above.

38.  Time Limit.  The class includes all claims made within eight years of the date of filing the complaint because plaintiff, and each class member, is an intended beneficiary of a written contract.

39.  Geographic Limit.  The class includes all Montana Auto Policies and other state policies adjusted according to Montana law under the class description and within the time limit described above.

40.  Damages.  Plaintiff and each class member received loss of use damages based on a below market rental rate rather than the required measure which is the fair market reasonable rental value for the time required to repair their vehicle.

41.  Numerosity of Class.  The class is so numerous that joinder of the members is impractical.  The frequency and persistence of Defendants' acts are so widespread that joinder of all members of the class is impracticable.

42.  Commonality of Questions.  This lawsuit challenges Progressive's refusal to honor its legal obligation to pay loss of use based upon the fair market reasonable rental value of a similar vehicle.

43.   Typicality of Claims. Plaintiff is a member of the class, and her claim is typical of all Class Members.

44.   Adequacy of Representation. Named Plaintiff is a member of the class and has suffered a violation of her rights at the hands of Defendant. Plaintiff is represented by competent counsel with experience in class actions and counsel will fairly and adequately protect the interests of the class. Plaintiff and counsel have adequate resources to maintain the class action.

45.   Consistency of Adjudication. The class is large in number and widely disbursed. The prosecution of separate actions by fewer than all members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards for enforcement and which, as a practical matter, would dispose of the interests of the other Class Members not parties to this adjudication or would substantially impair or impede their ability to protect their interests.

46.   Class Wide Relief. Defendants have acted and continue to act on grounds generally applicable to the class, making final class wife relief appropriate.

47.   Superiority of Class Action. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other available method for fair and efficient adjudication of the controversy.

48.   Modification of Class Action Allegations. As further information is gathered, Plaintiff may modify the paragraphs in this § in an anticipated class certification motion and brief in support.

1    1.    WHEREFORE, the plaintiff prays for judgment:

2

3    2.    An amount for all special damages for Defendant's bad faith practices in violation

4           of Montana's Unfair Trade Practices Act.

5

6    3.    Punitive damages due to Defendant's fraudulent and malicious conduct in

7           violating Montana's Unfair Trade Practices Act.

8

9    4.    Costs, including reasonable attorney fees under Section 27-1-306, MCA, and

10          under the equitable powers to be made whole.

11

12                      **DEMAND FOR TRIAL BY JURY**

13        Plaintiff demands trial by jury on all issues of this action.

14

15    DATED this 6th day of January 2017

16

17    /s/ Geoffrey C. Angel
        Geoffrey C. Angel
18    ANGEL LAW FIRM
        Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

 **CT Corporation**

**Service of Process Transmittal**
09/21/2017
CT Log Number 531974372

**TO:**  Gregory Tidwell
Progressive Casualty Insurance Company
10929 Disk Dr.
Rancho Cordova, CA 95670-6077

**RE:**  **Process Served in Montana**

**FOR:**  Progressive Casualty Insurance Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KATHERINE DILLON, Pltf. vs. Progressive Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Clark County - Monntana First Judicial District Court, MT<br>Case # DV17BDY201719 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Missoula, MT |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 09/21/2017 postmarked on 09/19/2017 |
| **JURISDICTION SERVED :** | Montana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after the service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Geoffrey C. Angel<br>Angel Law Firm<br>803 West Babcock<br>Bozeman, MT 59715<br>406-922-2210 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/22/2017, Expected Purge Date: 09/27/2017 |
| | Image SOP |
| | Email Notification,  Gregory Tidwell  gregory_t_tidwell@progressive.com |
| | Email Notification,  Sean W. Allen  sean_w_allen@progressive.com |
| | Email Notification,  Deborah Fisk  deborah_fisk@progressive.com |
| | Email Notification,  Paula Stewart  paula_stewart@progressive.com |
| | Email Notification,  Bonnie Thomas  bonnie_thomas@progressive.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3011 American Way<br>Missoula, MT 59808-1921 |
| **TELEPHONE:** | 314-863-5545 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE >> PITNEY BOWES

ZIP 59601
02  1W    $ 001.40⁰
0001398355 SEP  19  2017

 Matthew M. Rosendale
Office of the Commissioner of Securities
and Insurance, Montana State Auditor
840 Helena Ave.
Helena, MT  59601

TO:

CT Corporation System
3011 American Way
Missoula, MT 59808

# COMMISSIONER OF SECURITIES & INSURANCE

MATTHEW M. ROSENDALE, SR.
COMMISSIONER



OFFICE OF THE MONTANA
STATE AUDITOR

September 19, 2017

CERTIFIED RETURN RECEIPT MAIL

CT Corporation System
3011 American Way
Missoula, MT 59808

Dear CT Corporation System:

Attached is a *Summons and Declaratory Judgment Act* in the case of:

KATHERINE DILLON,

                                                    Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

                                            Defendant,

originating in the District Court of the First Judicial District of the State of Montana, in and for
the county of Lewis and Clark.

Service of process was made September 19, 2017, upon the Commissioner of Securities and
Insurance, Montana State Auditor, in conformity with the provisions of the Montana Code.
Please contact Ramona Bidon at (406) 444-2726 with any questions.

Sincerely,

KRISTIN HANSEN
Chief Legal Counsel

KH/lm

Enclosures

cc:   Geoffrey C. Angel
      Attorney for Plaintiff

Phone:  1-800-332-6148 / (406) 444-2040 / Main Fax: (406) 444-3497
Securities Fax: (406) 444-5558 / PHS Fax: (406) 444-1980 / Legal Fax: (406) 444-3499
840 Helena Ave., Helena MT 59601   Website: www.csi.mt.gov   E-Mail: csi@mt.gov

1 | Geoffrey C. Angel
| ANGEL LAW FIRM
2 | 803 West Babcock
| Bozeman, Montana 59715
3 | Telephone (406) 922-2210
| Facsimile (406) 922-2211
4 | christianangel@hotmail.com

5 | Attorney for Plaintiffs

6

7

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

8

KATHERINE DILLON,                              )    Cause Number DV-17 BDV 2017-19
9 | individually and on behalf of               )
all others similarly situated,                 )    SUMMONS
10                                              )
     Plaintiffs,                                )
11                                              )    MICHAEL F MCMAHON
     vs.                                        )    PRESIDING JUDGE
12                                              )
PROGRESSIVE CORPORATION,                        )
13 | and its subsidiaries and affiliates        )
including PROGRESSIVE CASUALTY                  )
14 | INSURANCE COMPANY, ARTISAN                  )
AND TRUCKERS CASUALTY                           )
15 | COMPANY, all doing business as             )
PROGRESSIVE®,                                   )
16                                              )
     Defendants.                                )
17

18

To the above-named defendant:

19

YOU ARE HEREBY SUMMONED to answer the complaint in this action which is

20

filed in the office of the clerk of this court, a copy of which is herewith served upon you, and to

21

file your answer and serve a copy thereof upon the plaintiff's attorneys within 21 days after the

22

service of this summons, exclusive of the day of service; and in case your failure to appear or

23

answer, judgment will be taken against you by default for the relief demanded in the complaint.

24

Witnesseth my hand and seal of said court, this 9 day of January 2017

25

26

Clerk of District Court

27

28

SUMMONS:
PAGE 1 OF 1.